# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MANUEL LUCERO SOSA, individually and on behalf of all other persons similarly situated who were employed by WINCHESTER ROOFING CORPORATION, and/or any other entities affiliated with, controlling, or controlled by WINCHESTER ROOFING CORPORATION, and JUNE MICHAEL, Individually, | |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| | **Case No.:** |
| vs. | |
| WINCHESTER ROOFING CORPORATION, and/or any other entities affiliated with, controlling, or controlled by WINCHESTER ROOFING CORPORATION, and JUNE MICHAEL, Individually, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff, JOSE MANUEL LUCERO SOSA ("Lucero"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters alleged, bring this Action against Defendants WINCHESTER ROOFING CORPORATION ("Winchester" or the "corporate Defendant") and/or any other entities affiliated with, controlling, or controlled by WINCHESTER, and JUNE MICHAEL, ("Michael") individually, (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.     This action is brought on behalf of Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who worked as roofers for Winchester, and/or any other

entities affiliated with, controlling, or controlled by Winchester, and Michael, individually, to recover statutory wage and overtime payments, payment for unpaid supplemental benefits that Named Plaintiff and the members of the putative class were statutorily and contractually entitled to receive for work they performed on numerous privately financed projects (hereinafter referred to as the "Private Projects") and publicly financed projects (the "Public Works Projects") pursuant to contracts with various government entities ("Government Entities"). The Government Entities *include but are not limited to* the following: Glassboro Public School District, and the Ocean City Housing Authority. The Public Works Projects were undertaken and performed by the Corporate Defendant in accordance with the terms and conditions of certain "Public Works Contracts" entered into with the Government Entities between November 2016, and the present.

2.      Named Plaintiff brings this lawsuit, individually, and on behalf of similarly situated employees, seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), New Jersey Wage Payment Law N.J.S.A., 34:11-4.1, et. seq. (WPL), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

3.      Plaintiff brings this lawsuit against Defendants as non-exempt roofers, who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and the class action provisions of Rule 23, Fed.R.Civ.P, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), New Jersey Wage Payment Law N.J.S.A., 34:11-4.1, et. seq. (WPL), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA") pursuant to the class action provisions of New Jersey Court R. 4-32.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5.    This Court has subject matter jurisdiction over Plaintiff's NJWHL, WPL, and NJPWA  claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.    At all times material hereto, Plaintiff performed non-exempt roofer duties for the Defendants in New Jersey.

8.    The Corporate Defendant is headquartered in Gibbsboro, New Jersey and is therefore, within the jurisdiction and venue of this Court.

9.    At all times pertinent to this Complaint, Winchester is an enterprise which is engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Winchester routinely purchases materials and products from out of state, these products which are delivered through the channels of interstate commerce. Winchester routinely performs construction work in New Jersey and at times in surrounding states and therefore uses the channels of interstate commerce to perform its jobs. Winchester further routinely accepts credit card payments, which involve interstate business and financing transactions.

10.    In addition to Defendant being engaged in interstate commerce, Plaintiff worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Further, Plaintiff worked in

interstate commerce, performing his job duties in various states throughout the eastern United States.

11.  Thus, the Defendants and Plaintiff fall within the protections of the Act.

## PARTIES

12.  Named Plaintiff Lucero is an adult individual who is a resident Camden, Camden County, New Jersey.

13.  Named Plaintiff Lucero was employed by Defendants full time as roofer for Defendants from in or about 2015, through in or about October 2022.

14.  Upon information and belief, Winchester maintains a roofing business, which is headquartered at 8 Democrat Way, Gibbsboro, New Jersey, and which operates throughout the State of New Jersey.

15.  Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

16.  Upon information and belief, at all times relevant to this Complaint, each of the corporate Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

17.  At all times relevant to this Complaint, Winchester was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

18.  Upon information and belief, Individual Defendant Michael is a New Jersey resident, residing Sewell, NJ., Individual Defendant Michael has been an owner, partner, officer, and/or manager of the Defendant Winchester.

19.  Upon information and belief, at all times relevant to this Complaint, individual Defendant Michael has had power over personnel decisions at the Defendant's

Winchester business.

20.    Defendant Michael managed Wiinchester's day to day operations, controlled their employees, their pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

21.    This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

22.    This action is brought on behalf of the Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

23.    The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide all of the Plaintiffs' overtime wages, at the rate of one-and-one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207 and the NJWHL, failing to pay for all hours worked pursuant to the WPL, as well as failing to pay the prevailing wage rate pursuant to the NJPWA.

24.    The FLSA action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

25.    Plaintiff's claims under the NJWHL, WPL, and the NJPWA are properly maintainable as a class action pursuant to NJ Rules of Ct., Rule 4:3-2, and Rule 23 of the Federal Rules of Civil Procedure, as well as pursuant to N.J.S.A. §34:11-56.25a and N.J.S.A §34:11-56.40

26.    The putative class is so numerous that joinder of all members is impracticable. During the relevant time period, the size of the putative class is believed to be in excess of 50 employees.  In addition, the names of all potential members of the putative class are not known.

27.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned straight time wages, overtime wages, and prevailing wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

28.     Upon information and belief, Defendants uniformly applied the same employment policies, practices, and procedures to all mason and associated roofers who work or worked at the Defendants' jobsites.

29.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

31.     A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

32.     Based upon the information preliminarily available, and subject to discovery in

this cause, the Defendants did not properly compensate Named Plaintiff, and those similarly situated employees, for all straight time hours worked in a work week, for all overtime hours worked in a work week, and/or for all prevailing wage hours worked in a work week.

33.     Named Plaintiff Lucero was an hourly employee, and his hourly rate of pay was approximately $49.00 to $72.00 per hour.  Named Plaintiff Lucero was often times not paid at the prevailing wage rate for work performed on Public Jobs, and was not paid for all hours worked.

34.     Named Plaintiff Lucero routinely worked approximately forty (40) to forty-five (45) hours per workweek.

35.     Upon information and belief, during the time period at issue, employees similarly situated to Named Plaintiff were also not compensated at the required prevailing wage rate for public jobs, were not paid for all hours worked, and were not paid at time and one half for any hours worked in excess of forty (40) in a workweek.

36.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and WPL as described in this Complaint.

37.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

38.     This cause of action is brought to recover from Defendants straight time compensation, overtime compensation, prevailing wage compensation, liquidated damages, treble damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, WPL, and the NJWPA, on behalf of Named Plaintiff and all other current and former employees similarly situated during the material time.

39.     The records, if any, concerning the compensation actually paid to Named Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

40.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, WPL, and the NJWPA, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked in  work week, whether they were for time worked up to forty (40) hours in a work week, time worked in excess of forty (40) hours in a work week, or time worked on prevailing wage jobs in a work week.

41.     Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Named Plaintiff.

42.     The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

43.     Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Named Plaintiff.

44.     The additional persons who may become Plaintiffs in this action are Defendants' laborers who have worked on Defendants' jobsites, on or after November 2016, were not properly compensated for all hours worked.

45.     Named Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant

to 29 U.S.C. § 216(b), as well as relevant provisions of the NJWHL, WPL, and NJPWA, Named Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

46.    Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiffs.

47.    The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

48.    Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Named Plaintiff.

49.    Upon information and belief, beginning in or about 1990, Defendants entered into a number of Public Works Contracts to perform, inter alia, roofing work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

50.    Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

51.    This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the contracts between Defendants and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

52.     Upon information and belief, beginning in or about 2016, Defendants entered into a number of contracts to perform work on the Private Projects where payment of time and one-half an employee's regular hourly rate of pay was required for all hours worked in excess of 40 hours in a consecutive seven-day workweek.

53.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, WPL, and NJPWA as described in this Complaint.

54.     At all times material hereto, Named Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

55.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

56.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 55 above.

57.     Plaintiff and all other similarly situated employees of Defefndants are entitled to be paid additional compensation for each of their overtime hours worked per work period.

58.     Defendants knowingly and willfully failed to pay Plaintiffs at one and one-half times their regular rate of pay for all of their overtime worked in a work week.

59.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

60.     As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to

liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

61.    Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 60 above.

62.    Defendants' aforementioned conduct is in violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay Plaintiff his statutorily required overtime compensation for the time they worked in excess of forty hours a week for the Defendant Contractors on the New Jersey Public Works Projects and on the Private Projects.

63.    As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF WAGES PURSUANT
## TO THE WPL

64.    Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 63 above.

65.    Defendants' aforementioned conduct is in violation of New Jersey Statutes §§ 34:11-4.1 et seq., the Defendants willfully failed to pay Plaintiff his statutorily required wages for the time he worked for the Defendant Contractors on the New Jersey Public Works Projects and on the Private Projects.

66.    As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## COUNT IV
## RECOVERY OF PREVAILING WAGE COMPENSATION
## PURSUANT TO THE NJPWA

67.    The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66 hereof.

68.    New Jersey Statute 34:11-56.40 provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

69.    Defendants willfully paid Plaintiffs less than the prevailing rates of wages and supplemental benefits to which Plaintiffs were entitled for the labor which they furnished to Defendants on the sites of the Public Works.

## COUNT V
## RECOVERY OF MONIES RECEIVED BY DEFENDANT
## PURSUANT TO N.J.S.A. 2A:44-148

70.    The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 69 hereof.

71.    New Jersey Law imposes a trust on all monies "paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state."

72.    This trust is created in the hands of the person receiving such monies "pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county,

municipality or school district in the state," as contractor, for the benefit of the workmen who provided labor on the Projects, "until all claims for labor, materials and other charges incurred in connection with the performance of such [ government contracts] shall have been fully paid."

73.    Upon information and belief, the Defendants received monies for work and services provided pursuant to the government or utility company contracts.

74.    As previously alleged, the Defendants have failed to pay Plaintiffs the prevailing rate of wages for work already performed on the Public Works Projects.

**COUNT VI**
**RECOVERY AGAINST DEFENDANT**
**PURSUANT TO DEFENDANT'S BREACH OF FIDUICARY DUTY**

75.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 74 hereof.

76.    New Jersey law imposes a trust on all monies paid to contractors for the benefit of workers and materialmen who provide labor and materials on construction projects.

77.    Consequently, the Defendants, individually and jointly, have a fiduciary responsibility to Plaintiffs to ensure the payment of prevailing wages to the Plaintiffs.

78.    On information and belief, the Defendants have diverted the monies received from the State of New Jersey, the public utility, or other government entity and allocated such funds for improper purposes or purposes other than the payment of wages due the Plaintiffs.

79.    By reason of these willful violations, the Defendants are individually and jointly liable to Plaintiffs for an amount to be determined at trial, plus costs, fees and interest.

**JURY TRIAL**

80.    Plaintiffs demand a jury trial.

WHEREFORE, Plaintiff JOSE MANUEL LUCERO SOSA, individually and on behalf of all other persons similarly situated who were employed by Defendants, demands judgment, against  Defendants WINCHESTER ROOFING CORPORATION, and/or any other entities affiliated with, controlling, or controlled by WINCHESTER ROOFING CORPORATION, and JUNE MICHAEL, individually, for the payment of compensation for all wages due him and all others similarly situated employees of Defendants for the time worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: October 28, 2022                    Respectfully submitted,

                                            s/ Andrew I. Glenn
                                           Andrew I. Glenn, Esquire
                                           E-mail: Aglenn@JaffeGlenn.com
                                           Jodi J. Jaffe, Esquire
                                           E-mail:  Jjaffe@JaffeGlenn.com
                                           **JAFFE GLENN LAW GROUP, P.A.**
                                           300 Carnegie Center,, Suite 150
                                           Princeton, New Jersey 08540
                                           Telephone: (201) 687-9977
                                           Facsimile: (201) 595-0308
                                           *Attorneys for Plaintiff and the putative class*